UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

ROBERT BOYD,

      Defendant.

**DECISION AND ORDER**

17-CR-0159 EAW
18-CV-1031 EAW

## BACKGROUND

Defendant Robert Boyd ("Defendant") was indicted on five counts of a nineteen-count Indictment returned on August 24, 2017, with various drug-trafficking crimes. (Dkt. 1). On February 28, 2018, Defendant pleaded guilty to Count 1 of the Indictment charging a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute, and to distribute, 28 grams or more of cocaine base). (Dkt. 64). The Court sentenced Defendant on May 8, 2018, to the mandatory minimum incarceration term of 60 months in prison, to be followed by four years of supervised release. (Dkt. 79). On May 22, 2018, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255,[1] contending that Defendant was in

---

[1] Defendant's motion initially cited Fed. R. Crim. P. 35(a) as the basis for the requested relief. (Dkt. 84; Dkt. 91). Rule 35(a) provides as follows: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Rule only authorizes correction of "obvious errors." *United States v. Kieffer*, 257 F. App'x 378, 379 (2d Cir. 2007) (quoting *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997) (quoting Fed. R. Crim. P. 35 advisory committee's note (1991))). The Government correctly argued in opposition to Defendant's motion that Rule 35 did not provide an available basis to correct the sentence because "the issue of concurrent sentence was never brought to the Court's attention for consideration at sentence" and thus there was no clear error. (Dkt. 100). *See United States v. Pineyro*,

- 1 -

primary state custody at the time of his federal sentence and because the Court did not specify the federal sentence to run concurrent to the subsequently imposed state sentence,[2] Defendant would not begin to serve his federal sentence until after completion of his state sentence. (Dkt. 84). The Government does not oppose the relief sought by Defendant. (Dkt. 139).

## ANALYSIS

Defendant contends that he was denied effective assistance of counsel because his former attorney[3] did not take note of the fact that Defendant was in primary state custody at the time of sentencing—information that, had it been noticed, could have prompted

---

112 F.3d 43, 45 (2d Cir. 1997) (district court lacked the authority under then-Rule 35(c) to modify the original sentence and declare that the federal sentence should run concurrently with the later-imposed state sentence, reasoning that no clear error had occurred). In reply, Defendant argued that he was alternatively seeking relief pursuant to 28 U.S.C. § 2255. (Dkt. 101; Dkt. 102; Dkt. 131). After several status conferences and further discussion with counsel, the Court ultimately converted Defendant's Rule 35(a) motion to a § 2255 proceeding. *See Boyd v. United States*, Civil Action No. 1:18-cv-01031-EAW.

[2] Defendant was sentenced in state court on May 10, 2018, to a 60 month prison sentence to run concurrent to the federal sentence. (Dkt. 84 at 2). According to the Presentence Investigation Report, Defendant was convicted in state court based on a guilty plea on August 1, 2017, to criminal possession of a controlled substance in the fourth degree (a Class C felony). (Dkt. 72 at ¶ 49). The facts related to that conviction pertain to a July 14, 2017, traffic stop, occurring after the time frame for the conspiracy alleged as part of Count 1 of the Indictment. (Dkt. 1; *see* Dkt. 64 at ¶ 4 (factual basis for plea)). Therefore, the state court offense was not relevant conduct for the federal court conspiracy conviction and, accordingly, the issue of whether the sentence should be imposed consecutively or concurrently is governed by U.S.S.G. § 5G1.3(d).

[3] The Court appointed new counsel to represent Defendant in connection with his § 2255 proceeding.

counsel to seek a sentence in federal court to run concurrently to any state court sentence. (Dkt. 101 at 3).

Section 2255(a) provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Ordinarily, a defendant must exhaust his direct appeal before filing a motion pursuant to § 2255. *United States v. Vilar*, 645 F.3d 543, 546 (2d Cir. 2011). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Here, as set forth in the Government's response to Defendant's motion, both parties were aware at the time of sentencing before this Court of the Defendant's desire for any federal sentence to be imposed concurrent to Defendant's state sentence, and the Government did not intend to oppose the request. (Dkt. 139 at 2). In fact, this was a factor in the plea negotiations between the parties. (*Id.*). However, the issue was never raised

before this Court at the time of sentencing. (*Id.*). As a result, due to defense counsel's failure to raise this issue with the Court at the time of sentencing, an error of fact occurred in connection with Defendant's sentencing, constituting a fundamental defect which inherently resulted in a complete miscarriage of justice. Indeed, if Defendant's sentence remains as originally imposed, he will be serving a sentence approximately twice as long as contemplated by the parties. Thus, Defendant's request for § 2255 relief is granted. *See Prioleau v. United States*, 746 F. Supp. 383, 384-85 (S.D.N.Y. 1990) (vacating sentence pursuant to § 2255 because neither the Court nor attorneys were aware that the defendant was serving a state sentence at the time of his federal sentence and therefore, the defendant was deprived of the opportunity to request a concurrent sentence); *see also Wilson v. United States*, 969 F. Supp. 1054, 1056 (E.D. Mich. 1997) (concluding that the defendant's post-sentencing letter asking that federal sentence run concurrent to state sentence constituted a § 2255 motion); *Werber v. United States*, No. 95 Civ. 2801 (LMM), 1995 WL 505563, at *1 (S.D.N.Y. Aug. 25, 1995) (granting § 2255 motion to correct sentence where sentencing court did not understand proper credit for prior federal custody).

## CONCLUSION

For the foregoing reasons, Defendant's motion pursuant to 28 U.S.C. § 2255 (Dkt. 84) is granted and Defendant's sentence imposed on May 8, 2018, is vacated. Defendant's resentencing will go forward on October 24, 2018.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 22, 2018
 Rochester, New York